**Arthur B. MACHADO, Plaintiff— Appellant,**

v.

**Hansford T. JOHNSON, in his capacity as the Secretary of the Navy, Defendant—Appellee.**

No. 04–16852.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 15, 2006.

Decided June 29, 2006.

Clayton C. Ikei, Esq., Jerry P.S. Chang, Esq., Law Office of Clayton C. Ikei, A Law Corporation, Honolulu, CA, for Plaintiff—Appellant.

R. Michael Burke, Esq., Mark J. Mellett, Esq., USH—Office of the U.S. Attorney, Honolulu, HI, for Defendant—Appellee.

Before: B. FLETCHER, PREGERSON, and CANBY, Circuit Judges.

## MEMORANDUM *

Plaintiff–Appellant Arthur B. Machado appeals a jury verdict in favor of Defendant–Appellee Hansford T. Johnson.[1] Machado claims that he was discriminated against on the basis of his race and national origin. Specifically, Machado appeals the district court's exclusion of four pieces of evidence: (1) testimony about discriminatory statements and actions by William Lindsey, Machado's second-level supervi-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. The facts of this case are known to the parties. We do not recite them here.

sor; (2) evidence of allegedly discriminatory treatment of other Asian/Pacific Islander managers; (3) a list of the race and national origin of other managers; and (4) evidence of allegedly "similarly situated" white managers who were not disciplined for misconduct. We affirm the district court's evidentiary exclusions.[2]

## I

The district court did not abuse its discretion by excluding hearsay testimony regarding Lindsey's allegedly discriminatory statements and actions. Lindsey was not linked to the decision to fire Machado, and the hearsay statements were remote in time. Thus, because there was no nexus between Lindsey's allegedly discriminatory conduct and Machado's termination, Lindsey's hearsay statements were not relevant. *See Tennison v. Circus Circus Enters.*, 244 F.3d 684, 689–90 (9th Cir.2001); *see also Schrand v. Fed. Pac. Elec. Co.*, 851 F.2d 152, 156 (6th Cir.1988). Even if the testimony were relevant, the district court has broad discretion under Federal Rule of Evidence 403. *See Tennison*, 244 F.3d at 690. Here, the district court reasonably concluded that presentation of the testimony would be confusing, prejudicial to the defense, and a waste of time.

## II

The district court did not abuse its discretion when it excluded evidence of the termination and discipline of non-white managers. The other managers' experiences were irrelevant because none were similarly situated to Machado: there were no comparable violations or time frames; some were not even supervised by the same individuals as Machado. *See Vasquez v. County of Los Angeles*, 349 F.3d

634, 641–42 (9th Cir.2004). Moreover, the district court did not abuse its discretion when it applied Rule 403 to exclude the testimony because of the danger of unfair prejudice to Defendant. *See Tennison*, 244 F.3d at 690.

## III

The district court did not err when it excluded a list of newly-hired managers. The evidence was not submitted to a statistician for analysis. Furthermore, the list did not identify the race or national origin of the managers replaced by the newly-hired Caucasian managers. In sum, the statistical evidence in the list was incomplete and its relevance, if any, was not made clear to the district court. *See Obrey v. Johnson*, 400 F.3d 691, 693–97 (9th Cir.2005). Accordingly, the district court did not abuse its discretion by excluding the list proffered by Machado.

## IV

The district court did not abuse its discretion when it excluded evidence of "similarly situated" white managers who were not punished for misconduct. Machado did not demonstrate that the other employees were "subject to the same standards and ... engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it." *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 583 (6th Cir. 1992); *see also Vasquez*, 349 F.3d at 641.

AFFIRMED.

**2.** We review the district court's evidentiary rulings for abuse of discretion. *See Tritchler v. County of Lake*, 358 F.3d 1150, 1155 (9th Cir.2004).